IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| PEERLESS INSURANCE COMPANY | * | |
| Plaintiff | * | |
| v. | * | Case No. 1:18-CV-1040-RDB |
| WEO CONSTRUCTION | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \*

## WEO CARPENTRY, LLC'S ANSWER TO COMPLAINT, COUNTERCLAIM, AND JURY DEMAND AS TO ALL CLAIMS AND DEFENSES

WEO Carpentry, LLC ("WEO"), incorrectly named in the Complaint of Plaintiff, Peerless Insurance Company ("Peerless") as WEO Construction, by its attorneys, pursuant to Rules 8, 13, 38 of the Federal Rules of Civil Procedure, answers and asserts affirmative defenses to the Complaint, files a Counterclaim, and a Jury Demand as to all defenses and claims.

As a preliminary matter for the Court's attention, WEO raises as an affirmative defense the failure of Peerless to name WEO Carpentry, LLC as the defendant. Instead, Peerless names "WEO Construction" as the defendant. The failure to join a required party under Rule 19 is a defense that may be presented either as a motion or as an affirmative defense. See Federal Civil Procedure, Rule 12. WEO's attorneys attempted to resolve this issue directly with Peerless' attorneys but a telephone voicemail message and an e-mail did not produce a response. To minimize delay in this litigation WEO has elected to raise the failure to name the proper defendant as a defense in this Answer rather than a motion to dismiss. WEO's attorneys

attempted to resolve this issue directly with Peerless' attorneys but a telephone voicemail message and an e-mail did not produce a response.

In addition, Peerless' Complaint fails to comply with Local Rule 102.2.a, which requires the addresses of the parties to be stated in the caption of an original complaint. WEO's attorney raised this issue with Peerless' attorneys as well, with no result.

## JURISDICTION AND PARTIES

1. WEO admits that this Court has subject matter jurisdiction based on diversity of citizenship, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of the Complaint.

2. WEO lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. WEO admits the allegations contained in Paragraph 3 of the Complaint, except that WEO is a limited liability company, not a corporation.

4. WEO admits that this Court has subject matter jurisdiction based on diversity of citizenship and that venue in this District is proper.

## GENERAL ALLEGATIONS

5. WEO admits the allegations contained in Paragraph 5 of the Complaint, except WEO avers that the 013 policy incorrectly names "WEO Construction" as the insured.

6. WEO admits the allegations contained in Paragraph 6 of the Complaint, except WEO avers that the 014 policy incorrectly names "WEO Construction" as the insured.

7. WEO admits the allegations contained in Paragraph 7 of the Complaint, except WEO avers that the 015 policy incorrectly names "WEO Construction" as the insured.

8. WEO admits that the 15 policy was renewed and that Peerless issued the 016 policy to WEO for the period starting August 5, 2016, and denies the remaining allegations of Paragraph 8 of the Complaint. WEO avers that it canceled the 16 policy prior to the expiration date of August 5, 2017, and WEO further avers that the policy incorrectly names "WEO Construction" as the insured.

9. WEO admits that Peerless did conduct an audit of the 13 policy, but WEO denies that an additional premium in the amount of $167, 490.00 is owed and that an unpaid balance of $166,431.00 remains. Further, WEO avers that Peerless was unreasonably slow and late to conduct an audit for this policy year, causing WEO to rely on the premium amounts stated in the policy to its detriment.

10. WEO admits that Peerless did conduct an audit of the 14 policy, but WEO denies that an additional premium in the amount of $218,685.00 is owed and that an unpaid balance of $217,105.00 remains. Further, WEO avers that Peerless was unreasonably slow and late to conduct an audit for this policy year, causing WEO to rely on the premium amounts stated in the policy to its detriment.

11. WEO admits that Peerless did conduct an audit of the 15 policy, but WEO denies that an additional premium in the amount of $314,849.00 is owed and that an unpaid balance of $314,849.00 remains. Further, WEO avers that Peerless was unreasonably slow and late to conduct an audit for this policy year, causing WEO to rely on the premium amounts stated in the policy to its detriment.

12. WEO admits that Peerless did conduct an audit of the 16 policy, but WEO denies that an additional premium in the amount of $307,454.00 is owed and that an unpaid balance of $298,439.15 remains. Further, WEO avers that Peerless was unreasonably slow and late to

conduct audits, causing WEO to rely on the premium amounts stated in the 016 policy to its detriment.

13. WEO denies the allegations contained in Paragraph 13 of the Complaint.

14. WEO denies the allegations contained in Paragraph 14 of the Complaint.

15. WEO denies the allegations contained in Paragraph 15 of the Complaint.

## AS TO COUNT I – BREACH OF CONTRACT 013 POLICY

16. WEO incorporates the foregoing responses in Paragraphs 1 through 5, 6, 9, and 13-15 as if fully set forth.

17. WEO admits that the 013 policy is a contract of insurance, but denies the remaining allegations contained in Paragraph 17 of the Complaint. WEO avers that the rights and responsibilities of Peerless are governed by law and include the obligations not to breach the contract by failing to exercise good faith and fair dealing with respect to WEO and to not induce WEO to rely on the premium amounts stated in the policy to its detriment.

18. WEO admits that it agreed to abide by its obligations in the policy, but denies the remaining allegations in Paragraph 18 of the Complaint. Further, WEO avers that Peerless was unreasonably slow and late to conduct an audit for this year, causing WEO to rely on the premium amounts stated in the policy to its detriment.

19. WEO denies the allegations contained in Paragraph 19 of the Complaint.

20. WEO denies the allegations contained in Paragraph 20 of the Complaint.

21. WEO admits that Peerless retained the undersigned attorneys but denies the remaining allegations in Paragraph 21 of the Complaint.

WHEREFORE, WEO requests judgment in its favor with cost, attorney's fees, and other relief as deemed appropriate.

## AS TO COUNT II – BREACH OF CONTRACT 014 POLICY

22. WEO incorporates the foregoing responses in Paragraphs 1 through 4, 6 10, and 13-15 as fully set forth.

23. WEO admits that the 014 policy is a contract of insurance, but denies the remaining allegations contained in Paragraph 23 of the Complaint. WEO avers that the rights and responsibilities of Peerless are governed by law and include the obligations not to breach the contract by failing to exercise good faith and fair dealing with respect to WEO to not induce WEO to rely on the premium amounts stated in the policy to its detriment.

24. WEO admits that it agreed to abide by its obligations in the policy, but denies the remaining allegations in Paragraph 24 of the Complaint. Further, WEO avers that Peerless was unreasonably slow and late to conduct an audit for this year, causing WEO to rely on the premium amounts stated in the policy to its detriment.

25. WEO denies the allegations contained in Paragraph 25 of the Complaint.

26. WEO denies the allegations contained in Paragraph 26 of the Complaint.

27. WEO admits that Peerless retained undersigned attorneys, but denies the remaining allegations in Paragraph 27 of the Complaint.

WHEREFORE, WEO requests judgment in its favor with cost, attorney's fees, and other relief as deemed appropriate.

## AS TO COUNT III – BREACH OF CONTRACT 015 POLICY

28. WEO incorporates the foregoing responses in Paragraphs 1 through 4, 6 10 and 13-15 as fully set forth.

29. WEO admits that the 015 policy is a contract of insurance, but denies the remaining allegations contained in Paragraph 29 of the Complaint. WEO avers that the rights and

responsibilities of Peerless are governed by law and include the obligations not to breach the contract by failing to exercise good faith and fair dealing with respect to WEO and to not induce WEO to rely on the premium amounts stated in the policy to its detriment.

30. WEO admits that it agreed to abide by its obligations in the policy, but denies the remaining allegations in Paragraph 30 of the Complaint. Further, WEO avers that Peerless was unreasonably slow and late to conduct an audit for this year, causing WEO to rely on the premium amounts stated in the policy to its detriment.

31. WEO denies the allegations contained in Paragraph 31 of the Complaint.

32. WEO denies the allegations contained in Paragraph 32 of the Complaint.

33. WEO admits that Peerless retained undersigned attorneys but denies the remaining allegations in Paragraph 33 of the Complaint.

WHEREFORE, WEO requests judgment in its favor with cost, attorney's fees, and other relief as deemed appropriate.

## AS TO COUNT IV – BREACH OF CONTRACT 016 POLICY

34. WEO incorporates the foregoing responses in Paragraphs 1 through 4, 6 10 and 13-15 as fully set forth.

35. WEO admits that the 016 policy is a contract of insurance, but denies the remaining allegations contained in Paragraph 35 of the Complaint. WEO cancelled the 16 policy on April 13, 2017. WEO avers that the rights and responsibilities of Peerless are governed by law and include the obligations not to breach the contract by failing to exercise good faith and fair dealing with respect to WEO and to not induce WEO to rely on the premium amounts stated in the policy to its detriment.

36. WEO admits that it agreed to abide by its obligations in the policy, but denies the remaining allegations in Paragraph 36 of the Complaint. Further, WEO avers that Peerless was unreasonably slow and late to conduct an audit for this year, causing WEO to rely on the premium amounts stated in the policy to its detriment.

37. WEO denies the allegations contained in Paragraph 36 of the Complaint.

38. WEO denies the allegations contained in Paragraph 38 of the Complaint.

39. WEO denies the allegations contained in Paragraph 39 of the Complaint.

40. WEO admits that Peerless retained undersigned attorneys but denies the remaining allegations in Paragraph 39 of the Complaint.

WHEREFORE, WEO requests judgment in its favor with cost, attorney's fees, and other relief as deemed appropriate.

## AS TO COUNT V – UNJUST ENRICHMENT

41. Defendant incorporates the foregoing responses in paragraphs 1 through 15 as if fully set forth.

42. WEO admits that Peerless paid benefits on some workers' compensation claims, but denies the remaining allegations contained in Paragraph 42 of the Complaint. WEO avers that any benefit was conferred on WEO because Peerless was unreasonably slow and late to conduct an audit for this year, causing WEO to rely on the premium amounts stated in the policy to its detriment. Further, WEO avers that Peerless' conduct was and is unjust.

43. WEO admits that Peerless paid benefits on some workers' compensation claims, but denies the remaining allegations contained in Paragraph 43 of the Complaint. WEO avers that any benefit conferred on WEO because Peerless was unreasonably slow and late to conduct

an audit for this year, causing WEO to rely on the premium amounts stated in the policy to its detriment. Further, WEO avers that Peerless' conduct was and is unjust and inequitable.

44. WEO admits that Peerless retained the undersigned attorneys and denies the remaining allegations in Paragraph 44 of the Complaint.

## **AFFIRMATIVE DEFENSES**

### **First Defense**

WEO raises as an affirmative defense Peerless' failure to name WEO Carpentry, LLC as the defendant. The failure to join a required party under Rule 19 is a defense that may be presented either as a motion or as an affirmative defense. *See* Federal Civil Procedure, Rule 12.

### **Second Defense**

The claims set forth by Peerless in the Complaint are barred by the doctrine of estoppel. Peerless is estopped from asserting its claims for breach and for damages because it was unreasonably slow and late to conduct audits, causing WEO to rely on the premium amounts stated in the policy to its detriment. Peerless and its agent failed to conduct an assessment and inspection of WEO's business prior to and/or in connection with the issuance and re-issuance of the policies.

### **Third Defense**

The claims set forth by Peerless in the Complaint are barred by Peerless' breach of the implied covenant of good faith and fair dealing. Peerless unreasonably failed to act timely to assess, investigate, and conduct audits. Due to Peerless' unreasonable delays and lapses, Peerless failed to act in good faith and fair dealing.

### Fourth Defense

45. The claims set forth by Peerless in the Complaint are barred by the doctrine of laches. Peerless was unreasonably slow and late to conduct an audit, causing WEO to rely on the premium amounts stated in the policy to its detriment. Had Peerless conducted an assessment, investigation, or audit in a timely manner, the damages Peerless now claims would have been revealed, eliminated, and/or mitigated.

### Fifth Defense

The Complaint is so lacking in specifics as to audit calculations that it fails to plausibly establish any liability for the claimed damages.

### Sixth Defense

The claims set forth by Peerless in the Complaint are barred by waiver. Peerless relinquished known rights when it issued and reissued policies without doing any assessment, investigation, and or audits.

### Seventh Defense

The claims and damages set forth by Peerless in the Complaint are barred to the extent the claims and damages are attributable to acts and/or omissions of its agent, C & E Financial Services.

### Eighth Defense

The claims and damages set forth by Peerless in the Complaint are barred to the extent that the claims and damages are attributable to any existing or potential act/omission of any persons/entities other than WEO.

### Ninth Defense

The claims and damages set forth by Peerless in the Complaint based on the alleged transfer of risk from WEO to Peerless are misplaced. The transferred risks allegedly assumed by Peerless were risks attributable to other entities, not WEO, and subject to applicable law including but not limited to Md. Labor and Employment Code Ann. § 9-508.

### Tenth Defense

The claims set forth by Peerless in the Complaint are barred by Maryland's three-year statute of limitations. MD Code, Courts and Judicial Proceedings, §5-101.

### Eleventh Defense

The claims asserted by Peerless in the Complaint are barred as Peerless' own inactions. Peerless failed to conduct any assessment, investigation, and or audits, which would have revealed, eliminated, and/or mitigated all claims and counts it brings in the Complaint.

### Twelfth Defense

The claims asserted by Peerless in the Complaint are barred by the conduct of Peerless, its agents, representatives and consultants. Peerless through it agents, representatives, and/or consultants, namely, C & E Financial Services, Inc., a licensed insurance agent acting for Peerless knew or should have known the nature and structure of WEO's business operations. Peerless failed to advise to advise WEO of any potential insurance issues with WEO's operations and failed to conduct audits in a timely manner.

### Thirteenth Defense

The claims and damages asserted by Peerless in the Complaint are barred because Peerless suffered no special damages.

### Fourteenth Defense

The claims asserted by Peerless in the Complaint are barred by Peerless' failure to mitigate its damages.

### Fifteenth Defense

The claims and damages asserted by Peerless in the Complaint are barred because the damages claimed by Peerless are unreasonable and unfair.

### Sixteenth Defense

The claims asserted by Peerless in the Complaint are barred because Peerless ratified and accepted WEO's business operations, practices, and structure by reissuing the 14, 15, and 16 policies.

### Seventeenth Defense

The claims and damages asserted by Peerless in the Complaint are barred due to improper calculations based off of numbers during the audit that are not properly attributable to WEO's business operations. Peerless' audit improperly characterized persons as employees to calculate retrospective premiums Peerless seeks in the Complaint.

### Eighteenth Defense

The claims set forth by Peerless in the Complaint are barred by Peerless' inequitable conduct.

### Nineteenth Defense

The claims set forth by Peerless in the Complaint are barred by the doctrine of unclean hands.

### Twentieth Defense

The claims set forth by Peerless in the Complaint are barred by Peerless' failure to act in a commercially reasonable manner.

### Twenty-First Defense

The claims set forth by Peerless in the Complaint are barred because Peerless and/or C & E Financial Service failed to give WEO any advice regarding the coverage and premiums appropriate for WEO's business operations.

### Twenty -Second Defense

The claims and damages set forth by Peerless in the Complaint are barred by payments already made by WEO and received by Peerless.

WHEREFORE, having answered the Complaint, WEO respectfully requests that:

A) The Complaint be dismissed, with prejudice;

B) Judgment be entered in favor of WEO, to include an award of the costs and expenses incurred in this action;

C) Judgment be entered in favor of WEO for its reasonable attorney's fees in an amount to be set by the Court in accordance with the Rules and Guidelines for Determining Attorney's Fees in the District of Maryland; and

D) Any other relief that the Court deems appropriate.

       /s/
Francis J. Gorman (Bar No. 00690)
William H. Hyle, II (Bar No. 19936)
Taylor Beckham (Bar No. 19887)
**GORMAN & WILLIAMS**
36 South Charles Street, Suite 900
Baltimore, Maryland 21201
Telephone: (410) 528-0600
Facsimile: (410) 528-0602
Email: fjgorman@gw-law.com
       whyle@gw-law.com
       tbeckham@gw-law.com

Attorneys for WEO CARPENTRY, LLC

[Continued on Next Page]

## COUNTERCLAIM OF WEO CARPENTRY, LLC

WEO alleges as follows:

1. Counterclaim Plaintiff, WEO Carpentry LLC ("WEO"), is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business in Baltimore County, Maryland. WEO is in the business of providing subcontractors to work in construction.

2. Counterclaim Defendant, Peerless, is an insurance company doing business in Maryland and providing workers' compensation and employer's liability coverage. Peerless is a subsidiary of Liberty Mutual Insurance Company and a member of the Liberty Mutual Group.

3. Upon information and belief, Ohio Casualty, is related to Peerless and a member of the Liberty Mutual Group, as shown on the 013 Policy, Exhibit A to the Complaint.

4. C & E Financial Services, Inc. ("C & E"), was the agent of Peerless at all material times.

## FACTS COMMON TO ALL COUNTS

5. WEO through C & E acquired a one-year workers' compensation and employer's liability insurance policy WC 4206917 issued by Peerless that took effect on August 5, 2013.

6. WEO renewed the workers' compensation insurance and employer's liability insurance issued by Peerless for policy years of 2014-2015, 2015-2016, and 2016-2017.

7. Peerless did not conduct an audit of WEO business operations until March 9, 2017.

## COUNT I
(*Detrimental Reliance*)

8. WEO adopts and incorporates by reference its averments contained in Paragraphs 1 through 7 as set forth above.

9. WEO relied on Peerless' agent (C&E) for the proper coverage at a cost it could afford for his business. WEO believed it had proper coverage and that it was paying the proper premium.

10. Peerless and its agent C & E made promises as to the premium amount that would be charged under the policy.

11. Peerless and its agent C & E reasonably expected that the promises in the policies would induce WEO to accept the policies and to not seek any other source of insurance for its business operations.

12. WEO was induced by the promises in the policies to insure its business, and to renew its insurance, with Peerless and to not seek insurance coverage from any other source.

13. The detriment caused to WEO can only be avoided by enforcing the original premium promises in the policies that Peerless continued to sustain and maintain from August 5, 2013 until March of 2017.

14. WEO relied to its detriment on Peerless and its agent C & E.

15. Peerless and C & E owed a fiduciary duty to WEO.

16. WEO is entitled to recover from Peerless attorneys' fees and costs incurred in connection with Peerless' Complaint.

## COUNT II
(*Breach of Contract*)

17. WEO adopts and incorporates by reference its averments contained in Paragraphs 1 through 7 as set forth above.

18. Peerless breached the contract of insurance when it failed to act according to the implied covenant of good faith and fair dealing.

19. Peerless breached the contract when it and C & E did not act and advise WEO based on informed judgment, diligence, or supported by evidence of WEO's business operations, practices, and structure that Peerless and/or its agent knew or should have known at the time the 013 policy was issued and at times when the policies were renewed and administered.

WHEREFORE, Plaintiff WEO demands:

A) Judgment in favor of WEO against Peerless Insurance Company.

B) Judgment for WEO's reasonable attorney's fees, in an amount to be set by the Court in accordance with the Rules and Guidelines for Determining Attorney's Fees in the District of Maryland; and

C) Any such other relief that the Court deems appropriate.

      /s/                             
Francis J. Gorman (Bar No. 00690)
William H. Hyle (Bar No. 19936)
Taylor W. Beckham (Bar No. 19887)
**GORMAN & WILLIAMS**
36 South Charles Street, Suite 900
Baltimore, Maryland 21201
Telephone: (410) 528-0600
Facsimile: (410) 528-0602
Email:  fjgorman@GW-Law.com
          whyle@GW-Law.com
          tbeckham@GW-Law.com

Attorneys for WEO Carpentry, LLC

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, WEO demands a trial by jury as to its Answer and Counterclaim.

## CERTIFICATE OF SERVICE

I certify that on this 14th day of August, 2018, I caused the foregoing Answer and Counterclaim to be served on the attorneys for Plaintiff *via* ECF:

Mary Morris
Michael R. Morris
Morris and Morris, P.A.
777 S. Flagler Drive, Suite 800 – West Tower
West Palm Beach, FL 33401
*Attorneys for Plaintiff*

                                                                   _____/s/_____
                                                                   Taylor W. Beckham