IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PEERLESS INSURANCE COMPANY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-18-1040 |
| WEO CARPENTRY, LLC, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

Plaintiff Peerless Insurance Company ("Plaintiff" or "Peerless") brings this action alleging that the Defendant, WEO Carpentry, LLC ("Defendant" or "WEO") is in breach of several insurance contracts. The parties have reached an impasse concerning the true name of the Defendant. Plaintiff's Complaint brings suit against "WEO Construction," but Defendant insists its correct name is "WEO Carpentry, LLC." WEO has filed three Motions seeking Judgment in its favor based solely on this misnomer: a Motion for Judgment on the Pleadings (ECF No. 16); a Motion for Summary Judgment (ECF No. 17), which was subsequently withdrawn (ECF Nos. 21, 23); and a Second Motion for Summary Judgment (ECF No. 20). Plaintiff has not responded to these Motions. Instead, Plaintiff has filed a Motion for Leave to File Amended Complaint (ECF No. 32), seeking, puzzlingly, to substitute "WEO Carpentry" and not "WEO Carpentry, LLC" as the Defendant. The parties' submissions have been reviewed and, suffice it to say, no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons stated herein, Defendant's Motion for Judgment on the

1

Pleadings (ECF No. 16) is DENIED; Defendant's Second Motion for Summary Judgment (ECF No. 20) is DENIED; and Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 32) is DENIED AS MOOT. "WEO Carpentry, LLC" is HEREBY SUBSTITUTED in place of "WEO Construction." The Clerk of this Court is directed to recaption this case accordingly.

## BACKGROUND

This case arises from Defendant WEO's alleged breach of several one-year workers' compensation insurance contracts supplied by Plaintiff, Peerless, between June 2013 and July 2016. (Compl. ¶¶ 6-8, ECF No. 1.) Peerless asserts that, between all four policies, WEO owes a total of $996,831.15 in outstanding premiums. (*Id.* at ¶ 13.) Peerless commenced this action on April 10, 2018 alleging four Counts of Breach of Contract (Counts I, II, III, and IV) and one count of Unjust Enrichment (Count V). (Complaint, ECF No. 1.) Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332: Peerless, a New Hampshire Corporation, has sued WEO, a Maryland corporation, in an amount exceeding $75,000.00. (*Id.* at 1.)

WEO asserts that it has been misidentified in this action. In its Complaint, Peerless named "WEO Construction" as the Defendant. (*Id.*) On August 14, 2018, WEO Carpentry, LLC filed an Answer and Counterclaim, noting that it had been incorrectly identified in Plaintiff's Complaint. (ECF No. 11.) In its Answer, WEO maintains that it attempted to resolve this issue with Peerless's attorneys through voicemail and email, but did not receive a response. (*Id.* at 1.) As an affirmative defense, WEO asserts that Peerless failed to join a

2

required party pursuant to Rule 19 of the Federal Rules of Civil Procedure by identifying the Defendant in this action as "WEO Construction" rather than "WEO Carpentry, LLC."

WEO seeks Judgment in its favor based on Plaintiff's failure to supply the correct entity name in its Complaint. On September 27, 2018 WEO filed a Motion for Judgment on the Pleadings (ECF No. 16) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, seeking Judgment based on Peerless's failure to name the correct Defendant. In the Motion, WEO represents that it discussed the identification issue with counsel for Peerless on August 23, 2018. The Motion also attaches a Trade Name Cancellation Application filed by WEO Construction on September 18, 2017 with the State of Maryland, Department of Assessments and Taxation, Charter Division. (Def's Mot. for J. Ex. B, ECF No. 16-4.) There is evidence that this Application was granted and that WEO Construction is no longer an active trade name. (Def.'s Mot. for J. Ex. A, ECF No. 16-3.)

On September 27, 2018, WEO filed a Motion for Summary Judgment (ECF No. 16), again seeking Judgment based on Peerless's failure to name the correct Defendant in its Complaint. This time, however, WEO submitted an Affidavit from William E. Ordonez, the owner of WEO Carpentry, LLC. (Def.'s Mot. Summ. J. Ex. A, ECF No. 17-3.) In the Affidavit, Ordonez represents that WEO Carpentry has been the name of his business since 2006 and that he formed WEO Carpentry, LLC on February 4, 2015. (*Id.* at ¶ 3.) He explained that he first procured worker's compensation insurance for his business using C&E Financial Services ("C&E"), a Liberty Mutual agent in Baltimore, in 2010. (*Id.* at ¶ 4.) On August 5, 2013 Peerless, which is owned by Liberty Mutual, issued a one-year worker's compensation insurance policy in the name of "WEO Construction." (*Id.*) Despite Ordonez's numerous

3

complaints to C&E that this name was incorrect, each subsequent insurance policy issued by Peerless over the next three policy years incorrectly listed "WEO Construction" as the insured entity. (*Id.* at ¶¶ 4-5.) Finally, in February 2017, Peerless re-issued the 2014/2015, 2015/2016 and 2016/2017 policies with the correct entity name, "WEO Carpentry, LLC." (*Id.* at ¶ 6.) Ordonez admits that he received notice of this lawsuit when Peerless served him at his current address in Nottingham, Maryland with the operative Complaint in this matter, which attaches four worker's compensation insurance policies naming "WEO Construction" as the insured. (*Id.* at ¶ 7.)

On October 23, 2018, WEO filed a Second Motion for Summary Judgment (ECF No. 20) after withdrawing its first Motion. The Motion adds no new arguments, but supplements Mr. Ordonez's Affidavit with cover sheets of the re-issued policies, all three of which list "WEO Carpentry, LLC" as the insured entity. (Supp. Aff. of William E. Ordonez, Exs. 2, 3, 4, ECF No. 20-3.) Additionally, the Affidavit has been amended to indicate that Mr. Ordonez's 2013 personal income tax return lists "WEO Construction" as his business name. (Supp. Aff. of William E. Ordonez ¶ 8.) Mr. Ordonez speculates that his tax preparer may have incorrectly used this name by searching the Maryland State Department of Assessments & Taxation database. (*Id.*)

Peerless did not file a response to WEO's motions and has not otherwise challenged the representations of WEO or Mr. Ordonez. On February 11, 2019 Peerless filed a Motion for Leave to File Amended Complaint (ECF No. 32) which seeks to Amend the Complaint to "reflect the current name of the defendant." (*Id.* at 1.) An attached version of the Amended

Complaint, however, names "WEO Carpentry" and not "WEO Carpentry, LLC" as the Defendant. (Proposed Amended Complaint, ECF No. 32-1.)

## STANDARD OF REVIEW

### I. Motion for Judgment on the Pleadings Pursuant to Rule 12(c).

Defendant moves for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, citing Plaintiff's failure to join a required party. Rule 12(c) authorizes a party to move for judgment on the pleadings any time after the pleadings are closed, so long as the motion is made early enough so as not to delay trial. *See* Fed. R. Civ. P. 12(c). Pleadings are considered closed "upon the filing of a complaint and answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed, in which event the filing of an answer to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings." 5C Charles Alan Wright, *et al.*, Federal Practice & Procedure § 1367 (4th Ed. May 2019). A party may raise the failure to join a required party under Rule 19 in a Motion for Judgment on the Pleadings. *See* Fed. R. Civ. P. 12(h)(2).

Rule 19 invites a two-step inquiry. First, this Court must consider "whether a party is necessary to a proceeding because of its relationship to the matter under consideration." *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 433 (4th Cir. 2014) (quoting *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 917 (4th Cir. 1999). Second, if the party is necessary but joinder would destroy diversity jurisdiction, this Court must decide under Rule 19(b) "whether the proceeding can continue in that party's absence." *Buyers Warranty Corp.*, 750 F.3d at 433 (quoting *Teamsters Local Union No. 171*, 173 F.3d at 917-18).

### II. Motion for Summary Judgment Pursuant to Rule 56.

Defendant also moves for Summary Judgment solely on the basis that Plaintiff has misidentified it as "WEO Construction" rather than "WEO Carpentry, LLC." Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769 (2007). District courts must "'thoroughly analyze[]'" even an unopposed motion for summary judgment. *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 380 (4th Cir. 2013) (citing *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 409 n.8 (4th Cir. 2010). "Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to a judgment as a matter of law." *CX Reinsurance Co. Ltd. v. Heggie*, ELH-15-1674, 2016 WL 6025488, at *5 (D. Md. 2016) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

### III. Motion for Leave to Amend.

Rather than respond to the Defendant's potentially dispositive motions, Plaintiff seeks leave to amend its Complaint to identify the Defendant as "WEO Carpentry." Rule 15(a) of the Federal Rules of Civil Procedure provides the general rules for amending pleadings. Specifically, Rule 15(a) requires that, after a responsive pleading is served, a plaintiff may amend his complaint "by leave of court or by written consent of the adverse party." In general, leave to amend a complaint pursuant to Rule 15(a) shall be "freely" granted "when justice so

6

requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lance v. Prince George's County*, 199 F. Supp. 2d 297, 300-01 (D. Md. 2002). The matter, however, is committed to the discretion of the district court, and the district judge may deny leave to amend "when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile." *Equal Rights Center v. Niles Bolton Assocs.*, 602 F.3d 597, 603 (4th Cir. 2010); *see also Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011).

## ANALYSIS

### I. Judgment for Defendant is not Warranted based on Misnomer.

In three potentially dispositive Motions, Defendant seeks a Judgment in its favor based solely upon the Plaintiff's decision to name "WEO Construction" as a Defendant, as opposed to what it asserts is the correct entity name: "WEO Carpentry, LLC." Service of process is not defective merely because the Complaint invokes the Defendant by a misnomer. Misnomer, a pardonable defect, occurs "when the correct party was served so that the party before the court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect." *Nat'l Elec. Benefit Fund v. Advanced Lighting Systems, Inc.*, DKC-09-2831, 2010 WL 2696669, at *3 (D. Md. July 6, 2010) (quoting 6A Charles A. Wright, *et al.*, Federal Practice & Procedure § 1498 (2d Ed. 1990). Misnomer is not an appropriate basis for dismissal:

> A suit at law is not a children's game, but a serious effort on the part of adult human beings to administer justice; and the purpose of process is to bring parties into court. If it names them in such terms that every intelligent person understands who is meant . . . it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else . . . . As a general rule the misnomer of a corporation in a notice,

7

> summons . . . or other step in a judicial proceeding is immaterial if it appears
> that [the corporation] could not have been, or was not, misled.

*United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947).

The minor misidentification of a Defendant is not dispositive so long as the pleadings dispel potential confusion. *See Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999). In *Morrel*, the Fourth Circuit upheld a default judgment arising from an Application to Correct or Vacate which inappropriately omitted the "Inc." from the name of the Defendant, The Miller Group Construction Company, Inc. *Id.* The Court reasoned that this minor error did not warrant vacatur because it could not possibly have misled anyone. *Id.* The President of the Company had accepted service on the company's behalf, and the Application referenced both the construction project at issue in the case and the ensuing arbitration between the parties. *Id.* "[P]erhaps most significantly," the Application's attachment of the construction contract at issue in the case, identifying "The Miller Group Construction Co., Inc." as a party, eliminated any possibility of confusion. *Id.*; *see also Ferebee v. Dollar Tree Store*, PX-17-0643, 2018 WL 572846, at *2 (D. Md. Jan. 26, 2018) (holding that Complaint's improper identification of the Defendant, Dollar Tree Stores, Inc., as "Dollar Tree Stores Franchises (Store# 636, 4618, 647)" and similar monikers was an insufficient basis for dismissal); *Nat'l Elec. Benefit Fund*, 2010 WL 2696669, at *2 (finding that misspelling of Defendant's name in the Complaint would not have invalidated a judgment).

In this case, WEO could not possibly have been misled by the Complaint. Just as the *Morell* pleading dispelled all confusion by attaching the contract at issue, Peerless's Complaint attaches the insurance agreements at the heart of this lawsuit. In its Answer, WEO Carpentry, LLC has admitted that it entered into the contracts at issue, indicating only that they incorrectly

8

name "WEO Construction" as the Insured. (Answer at ¶¶ 5-7, ECF No. 11.) Through the supporting affidavit of Mr. Ordonez, Defendant acknowledges that the 2014/2015, 2015/2016, and 2016/2017 contracts were re-issued at a later date to reflect the correct entity name. Under these circumstances, WEO cannot now claim that it was somehow misled or confused by the Complaint. It is apparent that WEO was placed on notice of this action and it is abundantly clear that it was the intended Defendant all along. Accordingly, the Defendant's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED and Defendant's Second Motion for Summary Judgment (ECF No. 20) is DENIED.

## II.  Plaintiff's Motion for Leave to Amend is Moot.

Plaintiff seeks leave to Amend for the limited purpose of replacing the name "WEO Construction" with the name "WEO Carpentry." Defendant objects to this amendment, asserting that the omission of the term "LLC" from its name, "WEO Carpentry, LLC," is designed to give Peerless an upper-hand in this litigation. Neither party specifies what advantage could possibly inure to Peerless by pursuing this strategy, and this Court is not in the position to speculate. The distinction is largely irrelevant under Maryland law. *See Sears, Roebuck & Co. v. Riggs Distler & Co., Inc.*, SKG-11-2203, 2012 WL 1391838, at *3-4 (D. Md. April 20, 2012) (holding that agent's omission of the term "LLC" from principal entity's name did not warrant imputing personal liability to the agent under Maryland law). As a matter of federal pleading practice, the inclusion or omission of such designations cannot impact the litigation absent true confusion. *See A.H. Fischer Lumber Co.*, 162 F.2d at 873 (holding that erroneous inclusion of the word "Inc." did not warrant dismissal because the identity of the true Defendant was not debatable).

9

Although leave to amend should be freely granted, a more expedient solution is in order. Defendant informs this Court that its correct name is "WEO Carpentry, LLC." Permitting an Amendment which omits the "LLC" designation will only sow further confusion. Instead, this Court will exercise its ability to substitute "WEO Construction" with the correct entity name, "WEO Carpentry, LLC." *See, e.g., Taylor v. Md. Dep't of Health and Mental Hygiene*, RDB-18-0683, 2018 WL 5724007, at *1 n.1 (D. Md. Nov. 1, 2018) (substituting Defendant "Maryland Department of Health" as Defendant in place of its former name, "Maryland Department of Health and Mental Hygiene"); *Jefferson v. Zukerberg*, RDB-17-3299, 2018 WL 3241343, at *1 n.1 (D. Md. July 3, 2018) (directing the Clerk of Court to substitute Defendant's name for the correct spelling and to recaption the case); *Boyd v. City of Oakland.* 458 F. Supp. 2d 1015, 1040-41 (N.D. Cal. 2006) (substituting, *sua sponte*, the real party in interest in place of the originally named Plaintiff pursuant to Rules 17 and 21 of the Federal Rules of Civil Procedure). Accordingly, the Motion for Leave to Amend (ECF No. 32) is DENIED AS MOOT.

## CONCLUSION

For these reasons, it is HEREBY ORDERED this 5th day of June, 2019 that:

1. Defendant's Motion for Judgment on the Pleadings (ECF No. 16) is DENIED;
2. Defendant's Second Motion for Summary Judgment (ECF No. 20) is DENIED;
3. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 32) is DENIED AS MOOT;
4. WEO Carpentry, LLC is HEREBY SUBSTITUTED in place of WEO Construction;
5. The Clerk of Court shall RECAPTION this Case to reflect the substitution; and

6. The Clerk of Court shall transmit a copy of this Order to counsel of record.

*Richard D. Bennett*
Richard D. Bennett
United States District Judge