**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
Telephone (410) 962-7810
Fax (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

April 14, 2021

**ORDER SCHEDULING SETTLEMENT CONFERENCE**

RE:   *Peerless Insurance Company v. WEO Construction*
       Civil No.: SAG-18-1040

Dear Counsel:

This case has been referred to me to conduct a settlement conference. I have scheduled the settlement conference for Thursday, June 10, 2021 at 9:30 a.m. It will be conducted virtually through the Zoom for Government video conferencing platform. A Zoom link will be circulated by my chambers a few days before the settlement conference. Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled before the settlement conference. If any of the parties have a conflict with this date, please email my chambers within one week of this letter requesting rescheduling and include alternate dates for the conference which you have confirmed are acceptable to all parties.

It is essential that the parties, or in the case of a corporation, partnership, or government entity, a representative, with complete authority to enter into a binding settlement, participate in the settlement conference. A person with "complete authority" is someone who has the experience and judgment to exercise that authority without having to consult with anyone who is not in attendance at the settlement conference.[1] Attendance by the attorney for a party is <u>not</u> sufficient.

No later than Thursday, May 27, 2021 please email me at **MDD_DLBChambers@mdd.uscourts.gov** a short *ex parte* letter from each party. The *ex parte* letter should <u>not exceed five pages</u> and should candidly set forth the following:

(1)   the facts you believe you can prove at trial;

(2)   the major factual and legal weaknesses in each side's case;

---

[1] This requirement will only be waived upon a showing of exceptional circumstances. If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration at least two weeks before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner. Also, counsel should confer with all other parties on the matter and provide their position(s) in your letter to the Court.

*Peerless Insurance Company v. WEO Construction*
Civil No.: SAG-18-1040
April 14, 2021
Page 2

    (3)    any pending dispositive or other motions that would have a significant effect on settlement;

    (4)    an evaluation of the maximum and minimum damage awards you believe likely, and the amount of any existing liens;

    (5)    if your client will take the position in settlement discussions that a lack of financial resources will impact your client's ability to pay a judgment or settlement, a summary of your client's finances, including cash on hand, ownership interests in properties, business, and other assets, the amount of any relevant mortgages or liens, and recent income tax information. Documentation supporting the contentions in the summary should be provided to opposing counsel before the settlement conference or, if your client is unwilling to provide the documentation to opposing counsel, the documentation should be attached to the *ex parte* letter for the Court's review;

    (6)    the history of any settlement negotiations to date;

    (7)    an estimate of attorneys' fees and costs of litigation through trial; and

    (8)    the name and title of the representative(s) and counsel who will be attending the conference.[2]

The letters may be submitted *ex parte* and will be solely for my use in preparing for the settlement conference. I also will review select filings on the docket. Additionally, if you would like for me to review any case law that you believe is critical to your evaluation of the case, please provide the citations and a brief discussion. If you would like for me to review any exhibits or deposition excerpts, please attach a copy to your letter.[3] A paper copy of all attachments exceeding 30 pages should be mailed to chambers. All attachments over 50 pages should be placed in a binder.

---

[2] Typically, it is most productive if only the parties to the case attend the settlement conference. If you believe it is necessary for a non-party (including a family member) to attend with your client, you must clear that request with the other party or parties and notify chambers before the settlement conference.

[3] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, absent informed client consent, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

Since settlement conferences are often more productive if the parties have previously exchanged demands and offers and have made a good faith effort to settle the case on their own, I require that the plaintiffs submit a written itemization of damages and a settlement demand to the defendants <u>no later than one month prior</u> to the settlement conference. The defendants shall submit a written offer to the plaintiffs and any alternate itemization of damages <u>within one week of receiving the demand or no later than three weeks prior to the settlement conference, whichever is later</u>. Thereafter, the parties should continue to engage in negotiations. The correspondence between the parties shall be included with the *ex parte* letters submitted to the Court. Failure to comply without justification may result in the imposition of sanctions.

If counsel believes that a telephone conference with me before the Thursday, June 10, 2021 virtual settlement conference would help to make the conference more productive, please contact my Judicial Assistant, Tonya Allen, to make arrangements.

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Despite the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

I look forward to seeing you on Thursday, June 10, 2021.

Sincerely,

/s/

Deborah L. Boardman
United States Magistrate Judge

cc: Judge Stephanie A. Gallagher